**SO ORDERED.**

**SIGNED this 10 day of May, 2006.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
             EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION
```

| | |
|---|---|
| IN RE: | CASE NO. |
| CUSTOM MOLDERS, INCORPORATED | 05-01858-5-ATS |
| DEBTOR | |

### ORDER ALLOWING APPLICATION FOR COMPENSATION

The matter before the court is the Application for Compensation of East Coast Environmental, P.A. filed by the chapter 7 trustee. A hearing took place in Raleigh, North Carolina on May 9, 2006.

An involuntary bankruptcy petition was filed against Custom Molders, Incorporated on May 9, 2005, and an order for relief was entered on May 13, 2005, with the consent of the debtor. Joseph N. Callaway was appointed the chapter 7 trustee. Among the assets of the estate is real property located at 1731 Camden Road, Durham, North Carolina, which is subject to a deed of trust in favor of Hwa Yong Jo and Hun Jong Jo ("Jo Brothers") in the original principal amount of $1,345,000.[1]

---

[1] The trustee has filed an adversary proceeding to avoid the deed of trust.

In March and May 2005, the North Carolina Department of Environmental and Natural Resources ("NC DENR") advised the debtor of concerns about possible environmental contamination at the Durham property.  To assess whether the environmental issues were so substantial in nature that a sale would be impossible and the property should be abandoned, the trustee asked East Coast Environmental to make an initial analysis of the property.  Believing that only minimal work would be required, the trustee did not seek the employment of East Coast Environmental.  The initial analysis was performed, and East Coast found no environmental problem.  The trustee and East Coast understood NC DENR to have indicated that the initial test would resolve its action letters, but, in fact, NC DENR found that questions still remained and further testing would be required.

East Coast performed further tests and prepared a comprehensive report showing that no soil contamination had occurred.  NC DENR issued a letter dated March 27, 2006, indicating that no environmental clean-up work was required or necessary.  As a result, the trustee determined that the property may be sold for its true value and will bring substantial value to creditors of the estate.

East Coast submitted a bill to the trustee in the amount of $6,475.00.  The trustee seeks authorization to pay the bill, and seeks employment of East Coast as a professional *nunc pro tunc*.  The trustee contends that exceptional circumstances exist, in that the property would not have been marketable with the cloud of

environmental contamination present, the NC DENR's assessment of an environmental problem would not have been resolved absent East Coast's work, substantial value for the estate was preserved by East Coast's work, and the claim will be a § 506(c) claim to be paid by the Jo Brothers should their deed of trust be upheld as valid. The bankruptcy administrator objects, contending that the failure to employ East Coast as a professional is fatal to the application, and that the trustee has not shown exceptional circumstances to justify employment *nunc pro tunc*.

The bankruptcy administrator relies upon this court's opinion in <u>In re Carolina Sales Corp.</u>, 45 B.R. 750, 752 (Bankr. E.D.N.C. 1985), which held that "section 327 and Bankruptcy Rule 2104 make it abundantly clear that only those professionals whose employment is authorized by the court may be compensated under 11 U.S.C. § 330." Otherwise, the court noted, "the person rendering services may be an officious intermeddler or a gratuitous volunteer." <u>Carolina Sales</u> at 752 (citation omitted). More specifically, the court considered the potential for abuse in chapter 11 cases:

> To avoid the enormous potential for abuse in the hiring of consultants, appraisers, business advisors, and others who offer their professional services and expertise to beleaguered chapter 11 debtors, the court should carefully scrutinize applications for employment *before* the trustee or debtor contracts for such services. To hold otherwise could be to invite officious intermeddlers and additional unwarranted and unnecessary financial burdens to an already troubled estate, to the detriment of other creditors and to the benefit of none except those employed by the debtor.

<u>Carolina Sales</u> at 753.

3

Having set forth the strict statutory rule, the court also acknowledged that it does have the discretion to enter *nunc pro tunc* orders, but such an order should be entered only in the most extraordinary circumstances. Carolina Sales at 753. Extraordinary circumstances did not exist in Carolina Sales, but the court's review of authorities finding extraordinary circumstances to exist shows that the value of the services to the estate, particularly where a measurable economic benefit is identified, is a factor to consider in making this determination. See Carolina Sales at 753-54. Similarly, this court has found extraordinary circumstances to warrant the entry of an order employing professionals *nunc pro tunc* where a substantial recovery for the estate would not have occurred absent the investigation and pursuit of a fraudulent conveyance action by an unemployed professional. In re Johnson, 72 B.R. 115 (Bankr. E.D.N.C. 1987).

Exceptional circumstances do exist in this case. East Coast Environmental is not an "officious intermeddler" that approached the trustee to undertake services for the estate that benefitted only itself. The trustee retained East Coast to do an initial analysis that he believed would be of little cost but of great benefit to the estate, and the scope of the work was later expanded, not by East Coast but by the requirements of NC DENR. The estate has received a substantial benefit, in that property that was in danger of being unmarketable due to an environmental "cloud" is now likely to be sold for full value. Should the Jo Brothers' deed of trust be found to be valid, they will bear the

cost of East Coast's work as a § 506(c) claim. Should their deed of trust be found to be invalid, all of the estate's creditors will benefit from the increased marketability of the property. Without East Coast's work, it is questionable whether the Durham property would be of any value to the estate, but instead could have cost the estate substantial expenses for its maintenance and upkeep.

Finally, the court observes that the Jo Brothers, who stand to gain the most from the value of the property either as secured creditors or as the largest unsecured creditor (depending on the outcome of the adversary proceeding), did not object to the trustee's application for compensation and for employment *nunc pro tunc.* The Jo Brothers were in court for a hearing on another matter in this case just prior to the trustee's and bankruptcy administrator's arguments on this issue, and they could have raised an objection had they deemed it in their interests to do so. Because the Jo Brothers are likely to bear the cost of East Coast's work, it is notable that they chose not to object.

Based on the foregoing, the court will allow the application to employ East Coast Environmental *nunc pro tunc* to November 1, 2005, and the application for compensation in the amount of $6,475.00 is **ALLOWED**.

**SO ORDERED.**

**END OF DOCUMENT**